UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE, Individually and as
Next Friend of JULIE DOE, a minor,

       Plaintiffs,

                                    No.
-v-                              Hon.

ROCHELLE TERRY, in her
individual capacity,

       Defendant.
_____

## COMPLAINT AND JURY DEMAND

      NOW COME the Plaintiffs, JANE DOE, individually and as Next Friend of JULIE DOE, a minor, by and through their attorneys, MUELLER LAW FIRM, by WOLFGANG MUELLER, and file their Complaint against the Defendant in this civil action, stating unto this Court as follows:

      1.     This is an action for damages brought pursuant to 42 U.S.C. §§1983 and 1988, the Fourteenth Amendment to the United States Constitution, and the statutes and common law of the State of Michigan, against Defendant, ROCHELLE TERRY ("TERRY"), in her individual capacity.

      2.     Jurisdiction is founded upon 28 U.S.C. §1331 and 28 U.S.C. §1343.

      3.     Venue is proper pursuant to 28 U.S.C. §1391(d), as the situs of the incident was Macomb County, Michigan, within the Eastern District of Michigan,

and the Defendant resides in the Eastern District of Michigan.

4. At all pertinent times, Plaintiff and her minor daughter were United States citizens.

5. At all pertinent times, Defendant, TERRY, was employed as a Parole Officer with the Michigan Department of Corrections ("MDOC") and was acting under color of law and within the scope of her employment.

## GENERAL ALLEGATIONS

6. In February 2012, Troy police received a report of suspected criminal sexual conduct involving Ghassan Sardy and his three-year-old daughter. Following an extensive investigation, Sardy was charged with multiple counts of 2nd degree criminal sexual conduct, child abusive commercial activity, and use of a computer to commit a crime.

7. The child's mother also reported that Sardy had been physically violent toward her, once telling her, *"[i]f I could kill you and get away with it, I would kill you."*

8. Sardy pleaded guilty to one incident of domestic violence.

9. In October 2013, Sardy was convicted of two counts of 2nd degree criminal sexual conduct, child abusive commercial activity, and use of a computer to commit a crime in which his minor daughter was the victim.

10. On November 7, 2013, Sardy was sentenced to six to twenty years in

prison.

11.     Following the criminal trial, Jane and Julie Doe changed their identities and moved out of state.

12.     On August 27, 2014, following a hearing, Sardy's parental rights were terminated by Oakland County Family Court Judge Mary Ellen Brennan.

13.     Significantly, Judge Brennan found that Sardy had violated a police order of no contact with his minor child when he appeared at the child's school to have "lunch with his daughter."

14.     Jane Doe, Julie Doe's mother, testified at the termination hearing that her daughter had been very afraid of her father and experienced nightmares and panic attacks.

15.     Judge Brennan's Opinion and Order terminating Sardy's parental rights concluded, *"[t]he court is satisfied that it is in the minor child's best interests to terminate the parental rights of Respondent Father based on the length of his incarceration, the nature of the charges on which he has been convicted, the ongoing abuse to the child and her fears for her safety and the domestic violence to which he pled. There is no question that there would be a substantial risk of harm to the minor child if [Sardy's] rights were not terminated."*

16.     Sardy sent word to Jane Doe through family members that *"[Julie Doe] will always be my daughter."*

17. In 2019, Sardy was placed on parole. Parole conditions included no contact with Plaintiff or her minor child.

18. TERRY was assigned as Sardy's Parole Officer. As a well-trained Parole Officer, TERRY was familiar with Sardy's file, including the reasons for Sardy's criminal conviction, that his parental rights had been terminated, and that he was to have no contact with Jane Doe or her minor daughter.

19. In February 2021, Jane Doe found out that Sardy was not attending his mandatory sex offender treatment program as part of his parole.

20. Jane Doe contacted TERRY to notify her of this violation and to advise TERRY that she was afraid Sardy would leave the state of Michigan to attend a funeral out-of-state. She told TERRY she wanted no contact with Sardy. TERRY assured her that she would keep Jane and Julie Doe's information protected.

21. In June 2021, Jane Doe again contacted TERRY, concerned about her safety. She left a detailed voice mail explaining her concern over her and her daughter's safety.

22. When TERRY returned Jane Doe's phone call, TERRY asked *"[W]ho is this again?"* She then proceeded to tell Jane Doe that she had contacted Sardy to ask if he knew this woman and gave Sardy Jane Doe's telephone number and the state in which she was living.

23. TERRY's affirmative action increased the potential for harm that could come to Jane and Julie Doe.

24. As a direct and proximate result of Defendant's misconduct, set forth herein, Plaintiff and her minor daughter have suffered the following injuries and damages:

    a. Past and future compensatory damages against Defendant pursuant to 42 U.S.C. §1983;

    b. Punitive damages allowed under 42 U.S.C. §1983;

    c. Unreimbursed medical expenses;

    d. Significant and debilitating emotional distress and anxiety;

    e. Physical manifestations of emotional distress, including but not limited to, extreme nervousness, sleeplessness, irritability and crying, headaches, and other symptoms;

    f. Economic damages associated with counseling and loss of employment;

    g. Other damages unknown at the present time.

Most, if not all, of Plaintiffs' damages will be permanent in nature.

## COUNT I

### 14th AMENDMENT "STATE CREATED DANGER" BY DEFENDANT

25. Plaintiffs incorporate by reference each preceding paragraph as if fully stated herein.

26. At all times, Plaintiffs had a constitutional right, secured by the 14th Amendment, not to be deprived of their bodily and emotional integrity and well-being and substantive due process by government actors, acting with deliberate indifference, who notified a dangerous felon and parolee of her telephone number.

27. Plaintiffs' constitutional right to personal security and emotional integrity and well-being and not to be deprived of due process was clearly established before June 2021. *See Kallstrom v. City of Columbus*, 136 F.3d 1055, 1067 (6th Cir. 1998) ("[W]e hold that the City's actions placed the officers and their family members in 'special danger' by substantially increasing the likelihood that a private actor would deprive them of their liberty interest in personal security.").

28. TERRY's affirmative act of contacting Sardy and providing him with Plaintiff's telephone number and new name created or increased the risk that Plaintiff and her daughter would be subjected to violence by Sardy.

29. TERRY's affirmative act created a special danger that Plaintiff and her minor daughter would be placed specifically at risk, as opposed to the public at large.

30. Since the risk of violence was so obvious under the above-described circumstances, TERRY knew or should have known that her actions specifically endangered Plaintiff and her minor daughter.

31. In providing Sardy with Plaintiff's name and telephone number, TERRY acted with deliberate indifference to the constitutional rights of Plaintiff and her daughter. Defendant had plenty of time for reflection and unhurried judgment before choosing to contact Sardy and provide him with Plaintiff's contact information.

32. TERRY's actions would shock the conscience of any reasonable person looking at the circumstances of June 2021, given the threats of violence, Sardy's criminal conviction for criminal sexual conduct against the minor plaintiff, and the court order precluding Sardy from contacting Plaintiff.

33. TERRY's conduct is not protected under the doctrine of "quasi-judicial immunity" because her actions were not judicial in nature.

## COUNT II

## TERRY'S GROSS NEGLIGENCE UNDER STATE LAW

34. Plaintiffs incorporate by reference each and every previous allegation.

35. On and before June 2021, TERRY was under a duty not to act with reckless disregard for the safety of foreseeable individuals, including Plaintiff and her minor daughter.

36. TERRY breached her duty by contacting Sardy and providing him with Plaintiff's name and telephone number.

37. TERRY's action constitutes gross negligence, defined as "conduct

so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a).

38. TERRY's gross negligence was the proximate cause of Plaintiff and her minor daughter's injuries and damages.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiffs, JANE DOE, individually and as Next Friend of JULIE DOE, a minor, pray for damages against Defendant for her wrongful conduct, including:

    a. Past and future compensatory damages pursuant to 42 U.S.C. §1983;

    b. Punitive damages pursuant to 42 U.S.C. §1983;

    c. Reasonable attorney fees and costs pursuant to 42 U.S.C. §1988;

    d. The costs and disbursements of this action pursuant to 42 U.S.C. §1920; and

    e. Such other and further relief as appears just and proper.

Respectfully submitted,

*s/Wolfgang Mueller*
MUELLER LAW FIRM
Attorney for Plaintiffs
41850 W. 11 Mile Road, Ste. 101
Novi, MI 48375
(248) 489-9653
wolf@wolfmuellerlaw.com
(P43728)

Dated: January 5, 2023

8

## **JURY DEMAND**

Plaintiffs demand a jury trial in the above-captioned matter.

>Respectfully submitted,
>
>*s/Wolfgang Mueller*
>MUELLER LAW FIRM
>Attorney for Plaintiff
>41850 W. 11 Mile Road, Ste. 101
>Novi, MI 48375
>(248) 489-9653
>wolf@wolfmuellerlaw.com
>(P43728)

Dated:  January 5, 2023